**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------------X**
PHH MORTGAGE CORPORATION,

Plaintiff,

v.

LUCY ANNE RODRIGUEZ AS COADMINISTRATOR TO THE ESTATE OF AND AS HEIR AT LAW AND NEXT OF KIN TO THOMAS J. HECKMAN JR. A/K/A THOMAS JOSEPH HECKMAN JR. A/K/A THOMAS HECKMAN A/K/A THOMAS J. HECKMAN; LAURA ANN HECKMAN AS COADMINISTRATOR TO THE ESTATE OF AND AS HEIR AT LAW AND NEXT OF KIN TO THOMAS J. HECKMAN JR. A/K/A THOMAS JOSEPH HECKMAN JR. A/K/A THOMAS HECKMAN A/K/A THOMAS J. HECKMAN; DANIEL THOMAS HECKMAN AS COADMINISTRATOR TO THE ESTATE OF AND AS HEIR AT LAW AND NEXT OF KIN TO THOMAS J. HECKMAN JR. A/K/A THOMAS JOSEPH HECKMAN JR. A/K/A THOMAS HECKMAN A/K/A THOMAS J. HECKMAN; CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS AGENCY; and "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint,

Defendants.
**---------------------------------------------------------X**

**REPORT AND RECOMMENDATION**

**2:25-cv-07080-FB-LGD**

**LEE G. DUNST, Magistrate Judge:**

Plaintiff PHH Mortgage Corporation ("PHH" or "Plaintiff") seeks default judgment and other relief (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2), including a judgement of foreclosure and sale pursuant to New York Real Property Actions and Proceedings

Law ("RPAPL") § 1301, et seq. *See* Electronic Case File Numbers ("ECF Nos.") 21, 22. On May 4, 2026, Judge Frederic Block referred the Motion to the undersigned for a Report and Recommendation. *See* May 4, 2026 Order. Pursuant to that referral, the undersigned respectfully recommends that the Motion be denied without prejudice.

## I. <u>BACKGROUND</u>

### A. Factual Background

On November 22, 2006, Thomas J. Heckman Jr. (the "Borrower") executed a Note for $308,000.00 to Premium Capital Funding LLC d/b/a Topdot Mortgage. *See* ECF No. 1 ⁋ 10; 1-6 (the "Note"). That same day, the Borrower and his wife, Deborah Anne Heckman, then executed a mortgage to secure the Note with Mortgage Electronic Registration Systems, Inc., as nominee for Premium Capital Funding LLC d/b/a Topdot Mortgage on a property located at 165 Patchogue-Holbrook Rd., Holbrook, N.Y. 11741 (the "Subject Property"). *See* ECF Nos. 1 ⁋ 11; 1-7 (the "Mortgage"). Plaintiff alleges that the Mortgage was recorded in Suffolk County on December 21, 2006. *See* ECF No. 1 ⁋ 11. The Borrower then modified the loan several times: once in September 2008, again in January 2021, and finally in April 2023. *See id.* ⁋⁋ 12, 13, 14; ECF Nos. 1-8, 1-9, 1-10. The Mortgage was later assigned to Plaintiff in October 2025. *See* ECF No. 1 ⁋ 15; 1-11. Through the terms of the assignment, Plaintiff became the owner and holder of the Note and Mortgage. *See id.*

Plaintiff alleges that the Borrower defaulted on the terms of the Note and the Mortgage by failing to make timely payments starting September 1, 2023. *See* ECF No. 1 ⁋ 20. Plaintiff alleges that the amount due under the Note and Mortgage, including interest, is $346,555.68 as of December 24, 2025. *See id.*

According to Surrogate's Court petitions filed as exhibits to the Complaint, Mr. Heckman Jr. died on September 18, 2023. *See* ECF No. 1-3 at 2. Following his death, his children, Lucy

Anne Rodriguez, Laura Anne Heckman, and Daniel Thomas Heckman, were appointed as administrators of their father's estate. *See id.* at 2-9.

**B. Procedural Background**

Plaintiff commenced this action against Lucy Anne Rodriguez (as Co-administrator to the Estate of and as Heir at Law and Next of Kin to Thomas J. Heckman Jr. a/k/a Thomas Joseph Heckman Jr. a/k/a Thomas Heckman a/k/a Thomas J. Heckman); Laura Ann Heckman (as Co-administrator to the Estate of and as Heir at Law and Next of Kin to Thomas J. Heckman Jr. a/k/a Thomas Joseph Heckman Jr. a/k/a Thomas Heckman a/k/a Thomas J. Heckman); and Daniel Thomas Heckman (as Co-administrator to the Estate of and as Heir at Law and Next of Kin to Thomas J. Heckman Jr. a/k/a Thomas Joseph Heckman Jr. a/k/a Thomas Heckman a/k/a Thomas J. Heckman) (hereinafter, "Defendants") on December 24, 2025. *See* ECF No. 1. Defendants failed to respond, and the Clerk of the Court entered default against them on March 26, 2026. *See* ECF No. 19. On May 1, 2026, Plaintiff filed the Motion, a memorandum of law, affidavits, and declaration in support of the Motion (*see* ECF Nos. 21, 22), which then was referred by Judge Block to the undersigned for a Report and Recommendation. *See* May 4, 2026 Order. Plaintiff properly served the Motion and other court orders (*see, e.g.,* ECF Nos. 20, 23, 24) on Defendants, but they once again neither responded nor appeared. Furthermore, Defendants failed to appear at a telephonic status conference on July 1, 2026. *See* ECF No. 27.

Plaintiff also initiated this action against the Clerk of the Suffolk County Traffic & Parking Violations Agency, who filed an answer to the Complaint on January 16, 2026. *See* ECF No. 9. On March 16, 2026, the Clerk of the Suffolk County Traffic & Parking Violations Agency filed a stipulation with Plaintiff stating that it "takes no position as to the relief sought by Plaintiff in its Complaint, and does not contest entry of Judgment of Foreclosure and Sale in favor of Plaintiff[.]" ECF No. 14.

Plaintiff's Motion requests that the Court (1) enter an order of default judgment pursuant to Rule 55(b)(2); (2) grant Plaintiff a judgment of foreclosure and sale pursuant to RPAPL § 1354 and § 1355; (3) award attorneys' fees and costs; (4) amend the case caption to remove the fictitious "John Doe" Defendants from the case; and (5) appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Rule 53.

## II. <u>LEGAL STANDARD</u>

In evaluating a motion for default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied; (2) the plaintiff took all the required procedural steps in moving for default judgment; and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Cooper v. Fire & Ice Trucking, Corp.*, No. 23-CV-1675, 2024 WL 3344001, at *3 (E.D.N.Y. July 9, 2024) (citation omitted).

## III. <u>DISCUSSION</u>

As explained below, the undersigned finds that Plaintiff has not satisfied the jurisdictional and procedural prerequisites for obtaining default judgment. Accordingly, the undersigned recommends denying Plaintiff's motion without prejudice.

### A. Plaintiff is Not Entitled to Default Judgment

#### 1. Procedural Requirements

Plaintiff must meet certain procedural requirements in order to succeed on a motion for default judgment. First, Plaintiff must prove that it properly served the complaint on Defendants pursuant to the Federal Rules of Civil Procedure, and that the Clerk of Court properly entered a certificate of default. Next, Plaintiffs in the Eastern District of New York must adhere to Local Rule 55.2. *See* E.D.N.Y. Loc. Civ. R. 55.2.

**i. Federal Rule of Civil Procedure 4**

Under Rule 4(e)(1) and 4(h)(1)(A), a party may serve an individual and a corporation in accordance with the rules of the "state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1); *id.* 4(h)(1)(A). N.Y. C.P.L.R. § 308(1) permits personal service upon individuals, and N.Y. C.P.L.R. § 308(2) permits service upon a person of suitable age at the actual dwelling of the person to be served and subsequent mailing of the summons to the person to be served at their last known residence.

Here, Plaintiff served Defendant Lucy Anne Rodriguez via her relative at her residence on January 1, 2026. *See* ECF No. 10. "A person is of suitable age and discretion if they are of sufficient maturity, understanding, and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant." *Nat'l Cas. Co. v. Runway Towing Corp.*, No. 19-CV-5091 (DG) (CLP), 2021 WL 5310857, at *2-3 (E.D.N.Y. Oct. 19, 2021), *report and recommendation adopted*, 2021 WL 5304055 (E.D.N.Y. Nov. 15, 2021). There is no dispute that Defendant's relative, Jose Rodriguez, is a person of suitable age and discretion. Five days later, Plaintiff served Defendant Lucy Anne Rodriguez via mail to her last known residence. *See* ECF No. 10. Thus, the Court finds that Plaintiff properly served Defendant Lucy Anne Rodriguez with the summons and complaint. *See U.S. Bank, Nat'l Ass'n v. Rosario*, 164 A.D.3d 1290, 1292 (2018) (holding that the court had personal jurisdiction over mortgagor in foreclosure action, where mortgagee submitted affidavit of service wherein process server attested that three days after serving a person of suitable age and discretion at mortgagor's place of business, he served summons and complaint by mail).

The same analysis applies to Plaintiff's service of Defendant Daniel Thomas Heckman. *See* ECF No. 12 (evidencing service on Mr. Heckman's co-resident at his home address, followed by mailing of the summons and complaint to the same address). Thus, the Court finds

that Plaintiff properly served Defendant Daniel Thomas Heckman with the summons and complaint.

New York law also permits service “by affixing the summons to the door” of the defendant’s “dwelling place or usual place of abode” and also mailing it to the defendant’s “last known residence.” N.Y. C.P.L.R. § 308(4). This method, however, is available only if personal delivery to the defendant (*id*. § 308(1)) or to a person of suitable age and discretion at the defendant’s residence (*id*. § 308(2)) cannot be accomplished with due diligence. *Id*. § 308(4). While there is no "magic number" of service attempts to constitute due diligence before "nail and mail" service, courts in the Second Circuit have instituted a "rough standard" of "approximately three attempts at service, optimally on non-consecutive days." *G & G Closed Cir. Events, LLC v. Lalmansingh*, No. 23-CV-9098-AMD-JRC, 2025 WL 2404243, at *4 (E.D.N.Y. Aug. 4, 2025), *report and recommendation adopted sub nom*., *G&G Closed Cir. Events, LLC v. Lalmansingh*, No. 23-CV-9098 (AMD) (JRC), 2025 WL 2403401 (E.D.N.Y. Aug. 19, 2025) (quoting *Feaster v. NYS Dep't of Corrections*, No. 17-CV-1151, 2022 WL 220245, at *2 (W.D.N.Y. Jan. 25, 2022) (internal quotation marks and citation omitted).

Here, Plaintiff’s Affidavit of Service for affix and mail service on Defendant Laura Ann Heckman demonstrates that Plaintiff’s process server attempted service on Ms. Heckman’s last known residential address on only two separate occasions before affixing and mailing the summons and complaint: Saturday, January 10, 2026 at 7:30 AM, and Monday, January 12, 2026 at 8:20 PM. *See* ECF No. 11. These two attempts do not satisfy the “rough standard” of three attempts. *See Weifang Xinli Plastic Prods. v. JBM Trading Inc.*, No. 1:11-CV-2710 WFK LB, 2014 WL 4244258, at *4 (E.D.N.Y. Aug. 26, 2014), *aff'd sub nom. Weifang Xinli Plastic Prods. Co. v. JBM Trading Inc*., 583 F. App'x 24 (2d Cir. 2014) (holding that “cases have required

approximately three attempts at service, optimally on non-consecutive days."); *see also S.E.C. v. Reynolds*, 112 F.3d 505, at *2 (2d Cir. Oct.18, 1996) ("The three attempts made in this case, including two during non-business hours, satisfy the due diligence requirement"). Indeed, courts in this District have denied default judgment where a Plaintiff only attempts service twice before it effectuates "nail and mail" service. *See MJC Supply, LLC v. Powis*, 2019 WL 2271789, at *3 (E.D.N.Y. Feb. 20, 2019), *report and recommendation adopted as modified*, 2019 WL 1429625 (E.D.N.Y. Mar. 29, 2019) (holding that "New York courts have held unambiguously that two attempts at in-hand service before resorting to so-called nail-and-mail" do not satisfy Section 308 due diligence standards); *see also Smith v. Smith*, No. 19CV01638AMDRML, 2020 WL 6334794, at *2 (E.D.N.Y. Oct. 29, 2020) (finding two attempts at service before "nail and mail" service insufficient). Moreover, Plaintiff's process server makes no mention whether they attempted to speak to a neighbor to confirm Ms. Heckman's residential or business address as part of their due diligence. *Cf. Weifang Xinli Plastic Prods.*, 2014 WL 4244258, at *4 (finding three attempts at service, plus inquiries with neighbors, constituted due diligence sufficient to justify "nail and mail" service).

The Court therefore finds that Plaintiff did not properly serve Ms. Heckman in accordance with C.P.L.R. § 308(4). *Cankat v. Vanilla Cafe Pastry Garden, Corp.*, No. 14-CV-6917 (RJD)(CLP), 2016 WL 1048031, at *1 (E.D.N.Y. Mar. 11, 2016) (recommending default judgment not be entered as "[i]t is well established that failure to adequately prove proper service of the complaint bars the entry of a default judgment").

**2. Jurisdictional Requirements**

The Court "may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant." *Cooper*, 2024 WL 3344001, at *3 (citing *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980)).

### i. Subject-Matter Jurisdiction

Plaintiff filed this action in federal court pursuant to the requirements of 28 U.S.C. Section 1332, alleging that the action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. *See* ECF No. 1 ⁋ 8. In resolving an issue of subject matter jurisdiction, the Court is not limited to the face of the complaint and may consider evidence outside the pleadings. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002).

Plaintiff alleges that Defendants are residents and citizens of New York (*See* ECF No. 1 ⁋⁋ 3, 4, 5), and that the amount in controversy exceeds the sum of $75,000.00 because the Defendants owe $346,555.68 as of August 1, 2023. *See* ECF No. 1 ⁋ 23.

As to Plaintiff, "for diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Plaintiff alleges in the Complaint that "PHH Mortgage Corporation is a New Jersey corporation headquartered in New Jersey and is a citizen of New Jersey." ECF No. 1 ⁋ 2. But Plaintiff does not allege its principal place of business, and diversity jurisdiction "is unavailable when a [party] fails to allege both a corporation's state of incorporation and its principal place of business." *Int'l. Flight Resources, LLC v. Aufiero*, 2022 WL 540660, at *1 (S.D.N.Y. Feb. 23, 2022). "While a defendant's corporate headquarters and principal place of business may be the same, that is not always the case, and the complaint should specify each defendant's principal place of business." *Wilson-Abrams v. Magezi*, No. 120CV01717LJVMJR, 2021 WL 4962100, at *3 (W.D.N.Y. Oct. 26, 2021) (citing *Hertz v. Friend*, 559 U.S. 77, 92 (2010) ("In this context, the term 'principal place of business,' often called the 'nerve center,' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, normally the place where the corporation maintains its headquarters."); *cf. Inland Rubber Corp. v. Triple A Tire Serv., Inc.*, 220 F. Supp. 490, 492

(S.D.N.Y. 1963) (finding corporation's principal place of business to be New York even though corporate headquarters were located in Ohio)..

As a result, the criteria for diversity jurisdiction is not met, and this Court cannot determine whether it has subject matter jurisdiction over the dispute.

**ii. Personal Jurisdiction**

Personal jurisdiction must comport with both state law and the Due Process Clause of the United States Constitution. *See Relevant Sports, LLC v. U.S. Soccer Fed'n, Inc.*, 61 F.4th 299, 305 (2d Cir. 2023) (analyzing personal jurisdiction under New York law and the Due Process Clause). New York law authorizes personal jurisdiction over individuals whose place of domicile is within the state. N.Y. C.P.L.R. § 301.

For both Ms. Rodriguez and Mr. Heckman, Plaintiff alleges that their domiciles are in various towns on Long Island and that they are citizens of New York. S*ee* ECF No. 1 ¶¶ 3, 5. Thus, the Court finds that it has personal jurisdiction over the two Defendants in accordance with state law and the Due Process Clause. *See* N.Y. C.P.L.R. § 301.

However, for the reasons stated *supra*, because service of Ms. Heckman was improper, the Court lacks personal jurisdiction over Ms. Heckman. *See MJC Supply, LLC,* 2020 WL 6334794, at *3 (recommending that the entry of default by vacated against defendant when service was improper).[1]

**B. <u>Liability, Damages and Other Remedies</u>**

As Judge Nicholas Garaufis of this Court recently observed,

> Mortgage foreclosure actions proliferate this court. We often treat them as creatures of procedure, devoid of real people removed from real homes. But procedure cuts both ways. And although these actions can march forward to a steady drumbeat, courts must ensure that plaintiffs follow the correct process and

[1] Considering the aforementioned defects, the Court need not address the remaining procedural requirements.

the applicable statutes are respected. This case is no exception.

*Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG) (RML), 2025 WL 3078314, at *1 (E.D.N.Y. Nov. 4, 2025).

Indeed, because of the fundamental procedural issues stemming from the failure to allege facts sufficient to support a finding of subject matter jurisdiction and the lack of due diligence exercised to properly effect service on Ms. Heckman, Plaintiff cannot be awarded with a finding of default judgment. Moreover, due to these threshold defects, the Court should not conduct an analysis on liability or damages at this time.

## IV. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion be denied without prejudice, and recommends as follows: (1) the Clerk of Court is directed to vacate the entry of default at ECF No. 19; (2) Plaintiff be granted thirty (30) days from Judge Block's Order either adopting or rejecting the Report and Recommendation to amend the complaint to cure the noted deficiencies for a finding of subject matter jurisdiction; (3) Plaintiff be granted sixty (60) days from the date of filing their amended complaint to effectuate proper service on Defendants in compliance with Fed. R. Civ. P. 4 and New York state law.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See* also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Block. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF

APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
September 23, 2026

*/s/ Lee G. Dunst*

**LEE G. DUNST**
United States Magistrate Judge